# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF GEORGIA
# SAVANNAH DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Case No. CR412-158 |
| ) | |
| SHAWN BRAGG ) | |

## REPORT AND RECOMMENDATION

Counts 1 and 2 of the superseding indictment charge the defendant with sex trafficking of a minor child in violation of 18 U.S.C. § 1591(a)(1). Doc 11. Defendant moves to dismiss these counts on the ground that "there is no evidence" that he committed any act which "affected" interstate commerce and that there is "no evidence or allegation" that he used any force, fraud, or coercion to cause the victim child to engage in a commercial sex act. Doc. 21 at 2, 3. Defendant has failed to establish that these counts must be dismissed on jurisdictional grounds.

First, it is well settled that "[t]here is no summary judgment procedure in criminal cases" and that "the rules [do not] provide for a

pretrial determination of [the] sufficiency of the evidence." *United States v. Critzer*, 951 F.2d 306, 307 (11th Cir. 1992). The grand jury has found probable cause to believe that defendant enticed a minor female to engage in prostitution for his financial gain "in and affecting interstate commerce." Doc. 11 (superseding indictment, Counts 1 & 2). Defendant's contention that there is a lack of evidence to support a finding of interstate activity is simply beyond the scope of a motion to dismiss under Fed. R. Crim. P. 12(b).[1]

Nor does the fact that all of defendant's alleged pimping activities occurred solely within the State of Georgia (a fact *not* asserted in his motion to dismiss but raised by the government in its brief and then argued by defendant at the motions hearing) defeat the interstate commerce element of § 1591(a). Binding authority from the Eleventh Circuit forecloses this argument. In *United States v. Evans*, 476 F.3d 1176 (11th Cir. 2007), the court held that even though all of the defendant's actions to entice a minor to engage in commercial sexual

---

[1] Defendant's argument that the indictment fails to allege, and the evidence fails to support, that he forced the minor victim to engage in a commercial sex act rests upon a misreading of the statute. Section 1591(a) makes it a crime *either* to entice a minor to engage in such activity *or* to force any person to engage in such activity. As the alleged victim here was a minor, the government was not required to charge or prove that any force, fraud, or coercion was employed.

activity occurred solely in Florida, his conduct satisfied the "in or affecting interstate . . . commerce" element of § 1591(a)(1) because the intrastate activity had the capacity, in the aggregate, of frustrating Congress' comprehensive regulation of interstate economic activity. *Id.* at 1178 ("'Congress has the power . . . to regulate purely local activities that are a part of an economic class of activities that have a substantial effect on interstate commerce.'") (quoting *Gonzales v. Raich*, 545 U.S. 1, 17 (2005)). The material facts in this case are indistinguishable from those presented in *Evans*, and thus this Court is bound to respect its holding that purely intrastate activity is sufficient to furnish the necessary factual predicate for the interstate commerce element of § 1591(a)(1).

Defendant has filed a separate motion to dismiss Count 2 on the theory that it charges the same offense as Count 1 and therefore violates the rule against multiplicity. Doc. 22. These counts are not multiplicitous, but even if they are, the Court can permit both counts to proceed to trial and vacate one of the multiplicitous convictions prior to sentencing should the jury convict on both counts.

An indictment is multiplicitous if it charges the "same offense" in more than one count. *United States v. Williams*, 527 F.3d 1235, 1241 (11th Cir. 2008); *United States v. Smith*, 231 F.3d 800, 815 (11th Cir. 2000); *United States v. Anderson*, 872 F.2d 1508, 1520 (11th Cir. 1989). The chief vice of multiplicity is the threat of multiple punishments for a single crime, though there is also a concern that a multiplicitous indictment may have an adverse "psychological effect" upon a jury by suggesting that a defendant has committed several crimes rather than one. 1A Charles A. Wright & Andrew D. Leipold, Federal Practice and Procedure § 142 at 10-11 (4th ed. 2008); *Smith*, 231 F.3d at 815. Multiplicity, however, is not fatal to an indictment, and the Court can remedy such a problem in various ways, either at trial or at sentencing. Although such a pleading practice is discouraged, "[i]t remains permissible to charge a single offense in several counts," and there are sometimes good reasons for doing so. Federal Practice and Procedure § 142 at 12.

"[W]here the same act or transaction constitutes a violation of two distinct provisions, the test to be applied whether there are two offenses or only one, is whether each provision requires proof of a fact which the

other does not." *Blockburger v. United States*, 284 U.S. 299, 304 (1932). The *Blockburger* test "focuses on the statutory elements of the offense," *Iannelli v. United States*, 420 U.S. 770, 785 n. 17 (1985), not on the particular factual allegations of the indictment or the proof offered at trial. *See United States v. Nakashian*, 820 F.2d 549, 552 (2nd Cir. 1987). "In order to avoid multiplicity, only one fact or element need be different between each charge [of the indictment]." *United States v. Costa*, 947 F.2d 919, 926 (11th Cir. 1991) (citing *Blockburger*, 284 U.S. at 304).

While both counts of the indictment charge defendant with enticing the same minor (identified as "R.W.") to engage in a commercial sex act in violation of § 1591(a), Count 1 asserts that R.W. was not yet 14, thus triggering the penalty provision of 18 U.S.C. § 1591(b)(1), whereas Count 2 alleges that R.W. was under 18, thus triggering the penalty provision of § 1591(b)(2). These alternative penalty provisions reflect Congress' judgment that while it is a crime to entice *any* minor to engage in the sex trade, a harsher penalty is warranted for those who conscript minors under the age of 14. *Compare* § 1591(b)(1) (requiring a sentence of *15* years to life if the victim is under 14) *with* § 1591(b)(2) requiring a sentence of *10* years to life if the victim is 14 to 18). Thus, Congress has

5

made the determination that the minimum penalty for such criminal conduct should vary depending upon the age of the victim child. Count 2 of the indictment, which simply alleges that R.W. was not yet 18, exposes defendant to a lower minimum sentence than does Count 1, which asserts that R.W. was not yet 14 years old.

The mandatory minimum punishment provisions of § 1591(b) are "offense elements" that must "be alleged in the indictment and proven to a jury beyond a reasonable doubt." *United States v. King*, 713 F. Supp. 2d 1207, 1211 (D. Hawaii 2010); *see also United States v. England*, 489 F. App'x 299, 303 (11th Cir. Aug. 15, 2012) (age of victim is an element of 18 U.S.C. § 2423). There is no multiplicity problem where a single offense element varies between the two charges. *Costa*, 947 F.2d at 926. Here we have that: § 1591(b)(1) requires that the minor be under the age of 14, whereas §1591(b)(2) requires the minor to be at least 14 but under 18. As each count rests upon a statutory provision requiring proof of an element that the other does not, the counts are not multiplicitous.

But even if the counts are determined to be multiplicitous, the Court should neither dismiss one of the counts nor require the government to elect between them. Where the sentencing range for an

offense varies depending upon the age of the victim or some other factor peculiar to the case, it is appropriate to charge a single offense in multiple counts, thereby ensuring jury unanimity as to the sentence-enhancing factor. "Prudence advises separation of counts involving different statutory penalties in order to avoid imposition of the sentence in excess of the maximum term for the statutory violation that supported the general verdict of guilty." *United States v. Colson*, 662 F.2d 1389, 1392 (11th Cir. 1981). Thus, it is appropriate to charge a single conspiracy in two counts, "separating the illegal objects of the conspiracy into misdemeanors and felonies." *Id.* Similarly, even if Counts 1 and 2 of the present indictment charge but one offense, it is appropriate to allow each count to proceed to the jury, for in that way the Court can ensure that the defendant is exposed to the greater mandatory minimum sentence authorized by § 1591(b)(1) only if the jury finds defendant guilty under both Counts 1 and 2.

Defendant's motion to dismiss Count 2 should be **DENIED**.

**SO REPORTED AND RECOMMENDED** this 5th day of September, 2013.

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA